Scott Townley and Stephanie Tashiro-Townley, pro se
23639 SE 267th place
Maple Valley, WA 98038
425-413-2637
Fax: 866-400-7824

Honorable Judge Marc L. Barreca
Chapter 13
Hearing Location: Seattle
Hearing Date: October 7, 2010
Hearing Time: 9:30 a.m.
Response due: September 30, 2010

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In re:

SCOTT TOWNLEY and
STEPHANIE TASHIRO-TOWNLEY

Debtors.

Case No. 09-22120 KAO

OBJECTION TO CLAIM OF LITTON LOAN SERVICING L.P., AS A SERVICING AGENT FOR THE BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS CWABS INC. ASSET BACKED CERTIFICATES, SERIES 2005-10 AND NOTICE OF HEARING

COME NOW Scott Townley and Stephanie Tashiro-Townley, in pro se, and object to Bank of Mellon New York's secured claim. Debtors assert the following:

1. Debtors filed for relief under Chapter 13 of the bankruptcy code on November 18, 2009.

2. Debtors reaffirm all statements contained within the DECLARATION OF SCOTT TOWNLEY AND STEPHANIE TASHIRO-TOWNLEY IN SUPPORT OF OBJECTION TO CLAIM OF BANK OF MELLON NEW YORK

3. Debtors assert their right to Self Defense and seek full protection in this court under those rights.

OBJECTION TO CLAIM

Scott Townley and Stephanie Tashiro-Townley, pro se
23639 SE 267th place, Maple Valley, WA 98038

4. Litton Loan Servicing L.P and Bank of New York Mellon, through Routh Crabtree Olsen, P.S., filed a secured claim for $321,473.34 on January 6, 2010. Litton Loan Servicing L.P. claims to be the servicer for the Bank of New York Mellon, as Trustee for CWABS, Inc. 2005-10. We, the undersigned, assert that they cannot be the Holder of the alleged Note as merely a Trustee for the property at 23639 SE 267th place, Maple Valley, WA 98038. At best they could allege to be an agent for the alleged Holder but have not presented proof to the court that they are or by what authority within the trust they attempt to lay claim to the alleged Note in basic compliance with RCW 62A.3-103(10).

5. First, the Motion for Relief of Stay filed by Ms. Aspaas in May 2010 and the Notice of Sale from July 2009 states that the trustee of Certificateholders of CWL, Inc. 2005-10 is bringing the actions against the debtors. According to Exhibit A of the Affidavit, CWABS, Inc. is the depositor. CWABS, Inc. did not bring the action against the Debtors, CWL, Inc. is.

6. According to the California Secretary of State, CWABS Inc. (Exhibit A) and CWL Inc. (Exhibit B) are separate entities having been registered with two different addresses and having different registration identifications. Debtors assert that due to this fact alone, the wrong party (CWABS Inc.) is attempting to bring the claim against the debtors and thus, Bank of New York Mellon is not the party of interest in this matter.

7. In filing for a Secured Claim, Litton Loan Servicing L.P. and Bank of Mellon New York attached a "copy" of the alleged Deed of Trust as well as the alleged Adjustable

Rate Balloon Note and related Riders. Debtors have received numerous "copies" similar to this from various sources. Copies of such a document fall under the Hearsay rules of evidence and in no way prove that Bank of Mellon New York is the Holder in due course of the "Original Wet Ink Note". Debtors continue to demand strict proof that Bank of Mellon New York is the Holder in due course by producing the Original Wet Ink Note before this court. Furthermore, even the "copy" provided as an attachment to this claim undermines & nullifies the claim of Bank of Mellon New York. The Adjustable Rate Balloon Note no doubt intends to demonstrate the Note was perfected to the benefit of Countrywide Home Loans. There is no endorsement showing transfer to Bank of New York Mellon causing the note to fall short of the requirements of RCW 62A.3-204(a) where clearly ""Endorsement" means a signature" and WAC 196-23-070(1)(a) defining signature as "handwritten" and "Original and written by hand".

8. Debtors requested a certified copy of the note on June 11, 2010 with Judge Overstreet, who ordered opposing Routh Crabtree Olsen P.S.' counsel to provide that note (on June 11, 2010 transcript 31 minutes 26 seconds). This document has never been produced. Furthermore, Judge Overstreet also stated that the "note" entered into record prior to June 4, 2010 did not show that Bank of New York Mellon had any standing. She ordered for proof that Litton Loan Servicing L.P. holds the note for Bank of New York Mellon. The affidavit entered into the record on August 5th, falls short of that as it is stated within the affidavit that Litton is working on obtaining the note for its records (#11).

9. Furthermore, nowhere on the "copies" attached to Litton Loan Servicing L.P. and Bank of New York Mellon's Proof of Claim is there any evidence whatsoever proving this Note was sold, assigned, or transferred to anyone. The "copies" of this Note (and therefore the Original Wet Ink Note if it exists) do not in any way support, validate or evidence Bank of New York Mellon's Proof of Claim. The "copies" of the Note (and therefore the Original Wet Ink Note if it exists) indicate they are not the Holder in due course. Debtors assert that Litton Loan Servicing L.P. and Bank of New York Mellon have no standing in this matter and demands strict proof of a clear chain of title that demonstrates they are in legal possession of the alleged Note or are Agents of the true Holder in due course.

10. The affidavit submitted by Litton Loan Servicing LP in support of Bank of Mellon also stated that the note was endorsed, which means that it has been cashed out. If the Note is endorsed as the affiant stated, then it has been altered and deposited in an account bearing the account number it was deposited into, and as such can no longer be used as a security instrument, and as the original unaltered Note has been "cashed" by the endorser allegedly Countrywide Home Loans, Inc. Any alleged debt was thereby extinguished.

11. The affidavit submitted to the court on August 5, 2010, also states that the original Promissory Note is not, and therefore was not in the possession of the plaintiff, Bank of New York Mellon, at the time of the alleged creditors filing of motion for relief of stay. Nor did the affiant (Litton Loan Servicing, L.P.) testify as to the owner of the Promissory Note.

OBJECTION TO CLAIM

Scott Townley and Stephanie Tashiro-Townley, pro se
23639 SE 267th place, Maple Valley, WA 98038

12. Debtors assert that Bank of New York Mellon has no legal claim to Beneficiary Interest in the Deed of Trust. MERS was listed on the Deed of Trust as a nominee and beneficiary under the security instrument. Countrywide Home Loans is listed on the Note as the Noteholder. Bank of New York Mellon is not mentioned in either place. We further assert that the Note and Deed of Trust were not properly assigned to Bank of New York Mellon and, because of this, is not the holder of the Note and Deed of Trust. This means that they lack standing to seek relief from the stay to enforce those documents.

13. Debtors object to the final document in the proof of claim which shows a MERS servicer search back on January 5, 2010. MERS is a corporation. They are not a bank or other financial institution. They maintain records for banks but do not perform any transfers or assignments of notes or deeds. Using the same website that Routh Crabtree Olsen P.S. utilized to print their final exhibit in their proof of claim in January 2010, we performed a search using Borrower's name, Social Security Number, and Zip Code. Two different sets of data were obtained for Scott Townley (Exhibit C) and Stephanie Tashiro-Townley (Exhibit D). Since the exhibit in the proof of claim showed one of the three records under Stephanie Tashiro-Townley's record (Exhibit D) and the exhibit does not match Scott Townley's record (Exhibit C), the exhibit in the proof of claim is faulty at best as it should have matched the records for the Debtors. Since neither Exhibit C or Exhibit D with the proof of claim exhibit, Debtors assert that MERS has no bearing on this matter in showing the

OBJECTION TO CLAIM

Scott Townley and Stephanie Tashiro-Townley, pro se
23639 SE 267th place, Maple Valley, WA 98038

current servicer or proving standing. Nor could they support Bank of New York Mellon's proof of claim.

14. The Debtors assert that if Bank of New York Mellon had the note and deed transferred to them, it would have to have been prior to the closing of the mortgage pool, CWL, Inc. 2005-10, sometime in October, 2005. It was not until July 24, 2009 that King County records listed Bank of New York Mellon as the Beneficiary of the Deed of Trust. As a matter of record, Countrywide Home Loans was on the verge of bankruptcy itself and was purchased by Bank of America in 2008. Since Countrywide Home Loans was the original Note and Deed holder, without any transfer of both note and deed to Bank of New York Mellon prior to the purchase of Countrywide by Bank of America, Bank of New York Mellon could not possibly be the holder of the note. To separate the note and the deed of trust is to nullify them both. In the United States Bankruptcy Court for the Eastern District of California dated May 20, 2010 in the matter of In Re: Walker, Case No. 10-21656-E-11, it was ruled that with MERS on the Deed of Trust and not on the Note, there was an intention to separate the two documents. Bellistri v. Ocwen Loan Servicing, LLC, Court of Appeals, Eastern District denied Ocwen Loan Servicing of any rehearing or transfer due to MERS not being listed on the note.

15. Debtors assert Bank of Mellon New York cannot be a Holder in due course pursuant to RCW 62A.3-302(a)(1) and RCW 62A.3-302(a)(2)

16. Debtors finally assert that there are questions in terms of the Deed of Trust Assignment to Bank of New York Mellon recorded July 24, 2009. Ms. Bailey is an

OBJECTION TO CLAIM

Scott Townley and Stephanie Tashiro-Townley, pro se
23639 SE 267th place, Maple Valley, WA 98038

employee of Litton Loan in Texas. MERS is located in Virginia and has only that one location listed on their company website. If Ms. Bailey is an employee of MERS, proof should be submitted to the court to show this. If not, then the Deed of Trust assignment is faulty as Ms. Bailey signed as an employee of MERS when she in fact is not. (see SIMEON MORENO, Chapter 13, Debtor Case No. 08-17715-FJB. United States Bankruptcy Court, D. Massachusetts, Eastern Division. May 24, 2010.)

17. Debtors assert that the Unconscionability of Litton Loan Servicing L.P., Bank of New York Mellon, and NW Trustee completely unsubstantiated claim in its totality rises to the level of attempting to commit fraud upon this court.

WHEREFORE, Debtors respectfully request the entry of an order denying the claim of Bank of Mellon New York, as secured or unsecured, with prejudice.

DATED this 17th day of August, 2010.

_____
Scott Townley, pro se

_____
Stephanie Tashiro-Townley, pro se

OBJECTION TO CLAIM

Scott Townley and Stephanie Tashiro-Townley, pro se
23639 SE 267th place, Maple Valley, WA 98038

# NOTICE OF MOTION

Please take notice that on October 7th, 2010 at 9:30 a.m., I shall appear in the U.S. Bankruptcy Court for the Western District of Washington at 700 Stewart Street, Seattle WA 98123 before the Honorable Judge Marc L. Barreca in Courtroom 7106 and then and there present the following motion:

**Objection to Claim of Bank of New York Mellon**

**(Objection to Claim of Litton Loan Servicing LP, as a Servicing Agent for the Bank of New York Mellon, F/K/A the Bank of New York as Trustee for the Certificateholders CWABS INC. Asset-Backed Certificates, Series 2005-10)**

Any party opposing this motion should file a written response with the Court and serve a copy upon the undersigned by September 30, 2010, or the Court, in its discretion, can grant the motion without further notice.

Date **August 17, 2010**     Signature _Scott Townley_
                                       Scott Townley

                             Name    Stephanie Tashiro-Townley
                                     23639 SE 267th Place,
                             Address Maple Valley, WA 98038

| | |
|---|---|
| Scott Townley and Stephanie Tashiro-Townley, pro se<br>23639 SE 267th place<br>Maple Valley, WA 98038<br>425-413-2637<br>Fax: 866-400-7824 | Honorable Judge Marc L. Barreca<br>Chapter 13<br>Hearing Location: Seattle<br>Hearing Date: October 7, 2010<br>Hearing Time: 9:30 a.m.<br>Response due: September 30, 2010 |

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re:<br><br>SCOTT TOWNLEY and<br>STEPHANIE TASHIRO-TOWNLEY<br><br>                Debtor. | Case No. 09-22120 KAO<br><br>*(PROPOSED)* **ORDER DENYING CLAIM OF BANK OF NEW YORK MELLON** |

THIS MATTER having come on regularly for hearing before the undersigned Judge on the Debtor's objection to claim submitted by Bank of New York Mellon, the Court finds and concludes that notice is appropriate under the circumstances. Now, therefore, it is hereby ORDERED that claim by Bank of New York Mellon, with a priority unsecured component of $321,473.34 is denied in its entirety.

DATED this _____ day of _____, 2010.

_____
The Honorable Marc L. Barreca
United States Bankruptcy Judge

Presented by:

Scott Townley, pro se
Stephanie Tashiro-Townley, pro se

Approved by:

OFFICE OF THE CHAPTER 13 TRUSTEE

_____
Scott Townley, pro se
Stephanie Tashiro-Townley, pro se
Attorney for Debtor

_____
K. Michael Fitzgerald
Chapter 13 Trustee

| | |
|---|---|
| OBJECTION TO CLAIM | Scott Townley and Stephanie Tashiro-Townley, pro se<br>23639 SE 267th place, Maple Valley, WA 98038 |

EXHIBIT A

**Business Entities (BE)**

Online Services
- **Business Search**
- **Disclosure Search**
- **E-File Statements**
- **Mail Processing Times**

Main Page
Service Options
Name Availability
Forms, Samples & Fees
Annual/Biennial Statements
Filing Tips
Information Requests
(certificates, copies & status reports)
Service of Process
FAQs
Contact Information

Resources
- **Business Resources**
- **Tax Information**
- **Starting A Business**
- **International Business Relations Program**

Customer Alert
(misleading business solicitations)

## Business Entity Detail

Data is updated weekly and is current as of Friday, August 13, 2010. It is not a complete or certified record of the entity.

| Entity Name: | CWABS, INC. |
|---|---|
| Entity Number: | C1978949 |
| Date Filed: | 09/12/1996 |
| Status: | ACTIVE |
| Jurisdiction: | DELAWARE |
| Entity Address: | 30930 RUSSELL RANCH RD, CA6-916-02-01 |
| Entity City, State, Zip: | WESTLAKE VILLAGE CA 91362 |
| Agent for Service of Process: | C T CORPORATION SYSTEM |
| Agent Address: | 818 W 7TH ST |
| Agent City, State, Zip: | LOS ANGELES CA 90017 |

\* Indicates the information is not contained in the California Secretary of State's database.

- If the status of the corporation is "Surrender," the agent for service of process is automatically revoked. Please refer to California Corporations Code **section 2114** for information relating to service upon corporations that have surrendered.
- For information on checking or reserving a name, refer to **Name Availability**.
- For information on ordering certificates, copies of documents and/or status reports or to request a more extensive search, refer to **Information Requests**.
- For help with searching an entity name, refer to **Search Tips**.
- For descriptions of the various fields and status types, refer to **Field Descriptions and Status Definitions**.

**Modify Search    New Search    Printer Friendly    Back to Search Results**

Privacy Statement | Free Document Readers
Copyright © 2010  California Secretary of State

EXHIBIT B

**Business Entities (BE)**

Online Services
- Business Search
- Disclosure Search
- E-File Statements
- Mail Processing Times

Main Page
Service Options
Name Availability
Forms, Samples & Fees
Annual/Biennial Statements
Filing Tips
Information Requests
(certificates, copies &
status reports)
Service of Process
FAQs
Contact Information

Resources
- Business Resources
- Tax Information
- Starting A Business
- International Business
  Relations Program

Customer Alert
(misleading business
solicitations)

## Business Entity Detail

Data is updated weekly and is current as of Friday, August 13, 2010. It is not a complete or certified record of the entity.

| | |
|---|---|
| Entity Name: | CWL, INC. |
| Entity Number: | C2648523 |
| Date Filed: | 04/28/2004 |
| Status: | ACTIVE |
| Jurisdiction: | CALIFORNIA |
| Entity Address: | 4700 LANG AVE STE D |
| Entity City, State, Zip: | MCCLELLAN CA 95652 |
| Agent for Service of Process: | DEANNA PAYNE |
| Agent Address: | 2940 VIRGINIA AVE |
| Agent City, State, Zip: | SHASTA LAKE CA 96019 |

\* Indicates the information is not contained in the California Secretary of State's database.

- If the status of the corporation is "Surrender," the agent for service of process is automatically revoked. Please refer to California Corporations Code **section 2114** for information relating to service upon corporations that have surrendered.
- For information on checking or reserving a name, refer to **Name Availability**.
- For information on ordering certificates, copies of documents and/or status reports or to request a more extensive search, refer to **Information Requests**.
- For help with searching an entity name, refer to **Search Tips**.
- For descriptions of the various fields and status types, refer to **Field Descriptions and Status Definitions**.

**Modify Search    New Search    Printer Friendly    Back to Search Results**

Privacy Statement | Free Document Readers
Copyright © 2010  California Secretary of State

EXHIBIT C


**Process Loans, Not Paperwork™**
www.mers-servicerid.org

**1 record matched your search:**

MIN: 1000157-0001324252-0   Note Date: 10/31/2002         MIN Status: Inactive

Servicer:   BAC Home Loans Servicing, LP                  Phone: (800) 669-6607
            Simi Valley, CA

Investor:   CHL for CAMC (Distressed Assets)              Phone: (805) 577-4436
            Simi Valley, CA

Return to Search

For more information about MERS please go to www.mersinc.org
Copyright© 2006 by MERSCORP, Inc.

Website: URL —
https://www.mers-servicerid.org/sis/search

Search by Property Address / Borrowers details
Search by Borrower Name, SSN and Property Zip Code

This search used — Scott Townley, his SSN and 98038 zip code.



EXHIBIT D

**3 records matched your search:**

MIN: 1000157-0007137533-7   Note Date: 08/07/2006   MIN Status: Active

Servicer:   Litton Loan Servicing LP                Phone: (800) 247-9727
            Houston, TX

Investor: This investor has chosen not to display their information. For assistance, please contact the servicer.

MIN: 1000157-0005314852-0   Note Date: 07/26/2005   MIN Status: Active

Servicer:   Litton Loan Servicing LP                Phone: (800) 247-9727
            Houston, TX

Investor: This investor has chosen not to display their information. For assistance, please contact the servicer.

MIN: 1003080-0001617080-2   Note Date: 09/27/2005   MIN Status: Inactive

Servicer:   HSBC Mortgage Services                  Phone: (800) 333-7023
            Elmhurst, IL

Investor:   HSBC Mortgage Services                  Phone: (800) 333-7023
            Elmhurst, IL

Return to Search

For more information about MERS please go to www.mersinc.org
Copyright© 2006 by MERSCORP, Inc

*[handwritten]:*
Website URL - https://www.mers-servicerid.org/sis/search
Search by Property Address / Borrowers details
Search by Borrower name, SSN, and Property Zip Code
The search used - Stephanie Tashiro-Townley her SSN and 98038 Zip code